THE STATE *against* BENJAMIN HAMILTON, Late Sheriff, and JOSEPH E. EDSALL, and others, Sureties.

1. A notice to assess damages, upon a judgment entered upon a sheriff's bond, is properly served upon the sheriff and his sureties, and need not be served upon the attorney who appeared for the defendants in the suit on the bond.

2. Such notice may be given by any attorney selected by the parties interested in obtaining the assessment, though such attorney was not the one employed in the original suits on which the assessment is to be made.

3. It is not necessary to assign breaches on the record, after a judgment by default on a sheriff's bond.

A *judgment* by default having been obtained in this court, in May term last, on a sheriff's bond, against the late sheriff of Sussex, and his sureties—

*W. Halsted* now moved for leave to assess, as damages under that judgment, the amount of several amercements obtained against the late sheriff in the Court of Common Pleas of the county of Sussex, and in the Supreme Court; and offered to read a copy of a notice of this motion, which had been duly served upon the late sheriff and his sureties.

*Scudder*, for the defendants, objected. I. To the notice. 1. Because the attorney by whom it was signed, was not the attorney in the original suits on which the amercements against the sheriff had been obtained.

2. Because the notice was not served upon the attorney of the defendant who had entered his appearance to the suit, in this court, previous to the entry of the judgment by default, and who ought to have been served with notice of this motion, instead of the late sheriff and his sureties.

II. He objected that no damages could be assessed under this judgment, upon the sheriff's bond, until breaches had been assigned upon the record, and cited, 1 *Saund.* 58, *note* 1; *Rev. Laws* 238, *sec.* 9, 10.

*Halsted* replied, 1. As to the notice.  I. That it was not necessary that it should be made by the attorney in the original suits in which the amercements against the sheriff were obtained.  Because those suits were at an end, and this was a new proceeding in which the parties interested were at liberty to employ another attorney.  It was analogous to the suing out a writ of *scire facias,* to revive a judgment which might be done by a different attorney from the one who obtained the judgment; and that even an execution might be issued by a different attorney from the one who obtained the judgment.

2d. That the notice was properly served upon the sheriff and his sureties instead of the attorney of the defendants in the suit on the bond.

- II. As to the assignment of breaches, the practice had been long and well settled, that an assignment of breaches upon these bonds was unnecessary.

CH. JUSTICE.  As to the notice it was properly given by the attorney, *J. S. Halsted.*  It was not necessary to be given by the attorney in the original suit.  The parties interested may employ the same or a different attorney to move for an assessment upon the sheriff's bond.

The notice was also properly given to the sheriff and his sureties, and it would not have been proper to have given it to the attorney; this is a new and substantial proceeding after the determination of the suit.  This point was decided in a case recently before us from Somérset.  In *Flommerfelt* v. *Zellers,* 2 *Halst.* 31, an application was made for an attachment against a person who disobeyed a rule to stay waste.  The notice was given to the party, against which an objection was raised, but the court said it had been properly given.

As to the assignment of breaches upon the record, it is the uniform practice to assess the damages in this way.  No instance can be found of an assignment of breaches upon sheriff's bond.

FORD, J. As to the assignment of breaches, it appears to me that the breaches have been sufficiently assigned by the notice given to the defendant and his sureties.

Assessment ordered.